COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.  2-05-392-CR

 

 

STEVEN JEFFREY PAPE                                                        APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

           FROM
THE 371ST DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

Appellant Steven Jeffrey Pape
challenges the factual sufficiency of the evidence to support his conviction
for aggravated sexual assault of a child and indecency with a child.  We affirm.

                                       Standard of Review








When reviewing the factual
sufficiency of the evidence to support a conviction, we view all the evidence
in a neutral light, favoring neither party. 
Watson v. State, No. PD-469-05, 2006 WL 2956272, at *8 (Tex.
Crim. App. Oct. 18, 2006); Drichas v. State, 175 S.W.3d 795, 799 (Tex.
Crim. App. 2005).  We then ask whether
the evidence supporting the conviction, although legally sufficient, is
nevertheless so weak that the fact-finder=s determination is clearly wrong and manifestly unjust or whether
conflicting evidence so greatly outweighs the evidence supporting the
conviction that the fact-finder=s determination is manifestly unjust. 
Watson, 2006 WL 2956272, at *8, 10; Johnson v. State, 23
S.W.3d 1, 11 (Tex. Crim. App. 2000).  To
reverse under the second ground, we must determine, with some objective basis
in the record, that the great weight and preponderance of all the evidence,
though legally sufficient, contradicts the verdict.  Watson, 2006 WL 2956272, at *10.








In determining whether the
evidence is factually insufficient to support a conviction that is nevertheless
supported by legally sufficient evidence, it is not enough that this court Aharbor a subjective level of reasonable doubt to overturn [the]
conviction.@  Id. 
We cannot conclude that a conviction is clearly wrong or manifestly
unjust simply because we would have decided differently than the jury or
because we disagree with the jury=s resolution of a conflict in the evidence.  Id. 
We may not simply substitute our judgment for the fact-finder=s.  Johnson, 23 S.W.3d at
12; Cain v. State, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997).  Unless the record clearly reveals that a
different result is appropriate, we must defer to the jury=s determination of the weight to be given contradictory testimonial
evidence because resolution of the conflict Aoften turns on an evaluation of credibility and demeanor, and those
jurors were in attendance when the testimony was delivered.@ Johnson, 23 S.W.3d at 8. 
Thus, we must give due deference to the fact-finder=s determinations, Aparticularly those determinations concerning the weight and
credibility of the evidence.@  Id. at 9.  An opinion addressing factual sufficiency
must include a discussion of the most important and relevant evidence that
supports the appellant=s complaint
on appeal.  Sims v. State, 99
S.W.3d 600, 603 (Tex. Crim. App. 2003). 

                                              Evidence

The complainant in this case
is Appellant=s
thirteen-year-old daughter, S.P.  Three
witnesses testified at trial: S.P., her mother, and a medical doctor who
physically examined S.P.

S.P. testified that in
November 2000, when she was eight years old, Appellant began to touch her
between her legs outside her clothing. 
She said that Appellant told her not to tell anyone or she would get in
trouble and go to Ajuvenile
hall.@  S.P. testified that her mother
(Appellant=s wife) was
in the shower when Appellant touched her. 








S.P. testified that Appellant
began to touch her genitals under her clothing in February 2001.  In March or April, said S.P., Appellant began
to penetrate her vagina with his fingers and his tongue.  S.P. testified that Appellant assaulted her
every day when she returned home from school while her mother was showering,
cleaning, or cooking.  She said that
Appellant told her not to tell anyone or he would kill her mother.  S.P. testified that Appellant eventually
began to penetrate her sexual organ with his penis Aevery day@; this
continued until November 2001.  According
to S.P., Appellant had sex with her five times a day, every day, in various
rooms of the house while her mother was in another room showering, cooking,
cleaning, studying, or playing computer games. 
S.P. testified that Appellant got home from work at 4:00 p.m. and that she
went to bed at 8:00 p.m. 

In early September 2003, S.P.
told her mother that she had been raped, but not by whom.  Her mother called the police, who referred
her to Child Protective Services (CPS). 
Later that month, S.P. told her mother that Appellant was her
assailant.   

When the police and CPS
interviewed S.P., she told them nothing had happened.  A month later, she told a CPS caseworker that
Appellant had touched her with his hands not more than five times.  In a third interview, S.P. told CPS that
Appellant had sex with her every day for a year. 








Dr. Jayme Coffman, director
of the child abuse clinic at Cook Children=s Hospital, testified that she examined S.P. on October 15, 2003.  S.P. told Dr. Coffman that Appellant had
penetrated her labia with his penis.  Dr.
Coffman testified that S.P.=s physical examination was normal and that her hymen was intact. 

                                             Discussion

Appellant argues that the
discrepancies between S.P.=s outcry statements to her mother, the police, CPS, and Dr. Coffman
and her testimony at trial render the evidence factually insufficient.  Appellant also argues that it is improbable
that Appellant could have sex with S.P. five times a day, every day, between
the hours of 4:00 and 8:00 p.m., while S.P.=s mother was also in the house. 
Finally, Appellant argues that it is Avirtually impossible@ for S.P.=s physical
exam to show no sign of sexual abuse after abuse of that frequency and
duration.

Deferring, as we must,  to the jury=s resolution of contradictory testimony and evaluation of credibility
and demeanor, we cannot say that the evidence is so weak that the verdict is
clearly wrong and manifestly unjust nor that the conflicting evidence so
greatly outweighs the evidence supporting the verdict that the jury=s determination is manifestly unjust. 
See Johnson, 23 S.W.3d at 8. 
Therefore, we hold that the evidence is factually sufficient.








We overrule Appellant=s sole point and affirm the trial court=s judgment.

 

 

ANNE GARDNER

JUSTICE

 

PANEL B:   LIVINGSTON, GARDNER, and MCCOY, JJ.

 

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  November 30, 2006











[1]See Tex. R. App. P. 47.4.